UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

| | |
|---|---|
| MANI M. DEVI, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>15-CV-2685 (MKB) |
| v. | |
| THOMAS B. WASSEL, ESQ., and INTERFAITH MEDICAL CENTER, | |
| Defendants. | |

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On May 6, 2015, Plaintiff Mani M. Devi, proceeding *pro se*, filed the above-captioned action against Thomas B. Wassel Esq., alleging that Defendant committed fraud in connection with "US Federal Labor Law." (Compl. ¶ 2.) On May 18, 2015, Plaintiff filed an additional document entitled "Plaintiff's Annexation" consisting of 44 pages. (Docket Entry No. 4.) The Court construes this document as an attachment to the Complaint. In the "annexation," Plaintiff lists Interfaith Medical Center as an additional Defendant, and alleges that Interfaith Medical Center violated section 405.4(6) of Title 10 of the New York Code, Rules and Regulations limiting the number of consecutive hours that certain members of hospital staff are permitted to work. The Court understands that Plaintiff intended to sue both Wassel and Interfaith Medical Center in this action. Plaintiff seeks $2,000,000 in addition to interest, costs and disbursements. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for the purpose of this order. For the reasons set forth below, the Complaint is dismissed.

## I. Background

Plaintiff alleges that she is a New York resident, currently residing in Brooklyn, New York, and that Wassel resides in Garden City, New York. (Compl. ¶ 1.) Interfaith Medical Center is located in Brooklyn, New York. (Docket Entry No. 4).

Although not clearly stated, Plaintiff's Complaint and "annexation" filed on May 18, 2015, appear to allege that in 2003, Plaintiff commenced an action against Interfaith Medical Center, in New York State Supreme Court, Kings County ("Interfaith action"). (Ltr. dated November 21, 2003, from Wassel, annexed to Compl. at ECF No. 2.) In that action, Wassel, an attorney for Interfaith Medical Center, filed a motion to vacate a default judgment and dismiss the action. (*Id.*) Plaintiff subsequently sued Wassel in Kings County Supreme Court for fraud. (Compl. ¶ 3; Ltr. dated May 13, 2011, from Pl., annexed to Compl. at ECF No. 16.). Plaintiff appears to allege that Wassel defaulted in the Interfaith action and "[d]ue to 'misjoinder' of the cases the judgement dated [May 13, 2011] was vacated." (Compl. ¶ 3.) Plaintiff alleges that Plaintiff was advised by Justice Bernadette Bayne of State Supreme Court to sue "Defendant[s] for fraud in Federal Court." Plaintiff now seeks money damages against Defendants for Defendants' alleged "violat[ion of] the Federal Labor Law" which deprived Plaintiff of "hard earned money . . . ." (*Id.* ¶ 4.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*. In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Lack of subject matter jurisdiction

"A federal court's lack of subject matter jurisdiction is not waivable by the parties, and we must address jurisdictional questions before reaching the merits." *Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir. 2014) (internal quotations and citation omitted). Lack of subject matter jurisdiction may be raised at any time by a party or by the Court *sua sponte*. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Where a court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

### i. Federal question jurisdiction

Plaintiff states that jurisdiction before this Court is proper "pursuant to violation of US Federal Labor Law." (Compl. ¶ 2.) In the absence of diversity jurisdiction, federal question

3

jurisdiction is required. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general rule, a suit brought under state law "is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005). Thus, the "well-pleaded complaint" rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (quoting *Caterpillar*, 482 U.S. at 392). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Plaintiff asserts that the Court has jurisdiction because of "US Federal Labor Law." A liberal reading of the Complaint, including the attachment, suggests that Plaintiff is seeking to bring claims against Defendants under New York State law, for fraud and for violations of the New York Code, Rules and Regulations. The allegations in the Complaint and attachment establish that Plaintiff sought to collect unpaid wages for hours worked from Interfaith Medical Center in the Interfaith action, that Plaintiff obtained a default judgment against Interfaith Medical Center, and that Defendants moved to vacate the default judgment and for dismissal of the case. (Compl. ¶ 3; Ltr. dated May 13, 2011, from Pl., annexed to Compl. at ECF No. 16.). Plaintiff alleges that Wassel was not attorney of record and "fraudulently" deprived Plaintiff of the judgment, and that Justice Bernadette Bayne of State Supreme Court directed her to sue "Defendant[s] for fraud in Federal Court." Plaintiff's fraud claims against Defendants are based in state law. There is nothing in the Complaint and its attachment to suggest that any question involving the Constitution, laws, or treaties of the United States is implicated by Plaintiff's

claims. *See Beneficial Nat'l Bank*, 539 U.S. at 12. Therefore, the Complaint fails to demonstrate that the Court has federal question jurisdiction.

### ii. Diversity jurisdiction

The other conceivable ground for jurisdiction is diversity of citizenship. Diversity jurisdiction gives federal district courts jurisdiction over suits where plaintiff and defendant are citizens of different states, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (noting diversity jurisdiction exists "between, *inter alia,* 'citizens of a State and citizens or subjects of a foreign state'" (quoting 28 U.S.C. § 1332(a))). Plaintiff alleges in the Complaint that Wassel is a resident of New York State, and the attachment to the Complaint demonstrates that Interfaith Medical Center is also a resident of New York State. As a result, there is no diversity jurisdiction. *See Lovejoy v. Watson*, 475 F. App'x 792 (2d Cir. 2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction.").

The Complaint is dismissed because Plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. First, the claim sounds in state law. Second, the pleadings show that the parties are not diverse; Plaintiff concedes that Plaintiff and Defendants are domiciled in New York State, (Compl. ¶ 1), and makes no further allegations regarding citizenship. *See Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *see also* Fed. R. Civ. P. 12(h)(3).

**III. Conclusion**

For the reasons stated above, the Complaint is dismissed with prejudice for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 16, 2015
   Brooklyn, New York